United States District Court
Southern District of Texas
**ENTERED**
April 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TOMAS S. H., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-001 |
| | § | |
| JUAN AGUDELO, *et al.,* | § | |
| *in their official capacities*, | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 6) ("MSJ").

The Petition advances only one claim for relief: "Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*." Dkt. No. 1 at 6. Petitioner should be released, the Petition argues, because "Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista*," which Petitioner argues binds Respondents in this case. *Id.* at 4.

This, Petitioner's one claim, cannot succeed at this time. The class action to which Petitioner refers as preclusive has recently been limited by the Ninth Circuit to apply to only the Central District of California. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 31, 2026). Without ruling on any standalone issues that could be raised in another petition, it is thus recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) **DENY** the MSJ (Dkt. No. 6) as moot, and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and

Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 28, 2026.

_Karen Betancourt_
Karen Betancourt
United States Magistrate Judge